# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-00031-01-CR-W-FJG ) |
| TYWAN POOLE, | ) ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court are defendant's Motions to Suppress Evidence (Docs. # 40, 41).

On July 14, 2010, at approximately 10:13 p.m., defendant was stopped by officers Jordan Nelson and Blake Patti. Officer Nelson observed a 2001 Chevy Tahoe and read the license number to his partner. A computer check revealed an outstanding Overland Park, Kansas warrant for driving on a suspended license. The descriptors of the individual wanted for driving on a suspended license matched the identifiers of the driver of the Tahoe. The officers activated their emergency equipment and defendant pulled into the driveway at 5146 Walrond. Defendant identified himself as a bail bondsman through Wyandotte County and denied possessing a gun or anything illegal in his vehicle. Officer Nelson reports that he sought and received verbal consent to search the vehicle. Defendant denies that he gave his consent. The search revealed PCP, marijuana, More cigarettes, a .40 caliber handgun and various .40 caliber ammunition and magazines. Defendant was arrested and transported to the Kansas City, Missouri Police Department, advised of his Miranda rights and questioned. He stated that he had forgotten that he left the gun in the car and stated that he did not

know anything about the drugs that were found in the vehicle.

On November 21, 2011 at approximately 2:00 p.m. Larisha Grant met with investigator Troy Meyer with the Kansas City Department of Public Safety and Steve Christensen, Director of Public Safety, to discuss various criminal activities which occurred close to her residence in the Riverview Housing Development. At the end of the interview, Ms. Grant stated that an individual, whom she referred to as "Bone" came to her residence and supplied her with PCP. She stated that he was currently at her residence and would not leave. She also told investigator Meyer that he was always armed, and hid drugs in his black SUV, which was parked at the intersection of Highland and Paseo. Shortly after the interview ended, Ms. Grant called Investigator Meyer and told him that Bone had just left her residence and was walking back to Highland Avenue wearing a black coat vest. She told him that Bone was a tall black male in his 30's. Investigator Meyer and Director Christensen then saw an individual matching Ms. Grant's description exiting a black SUV which was parked in the area she had previously indicated. Ms. Grant stated that the defendant was usually armed, so Director Christensen and Investigator Meyer called the defendant over and patted him down. They found a 9 mm Ruger pistol. They also recovered keys to a 2001 Chevy Tahoe which was parked on Highland. A computer check revealed an outstanding Grandview warrant for his arrest and the defendant was taken into custody. The vehicle was inoperable, so it was inventoried and towed. During the inventory, both PCP and marijuana were found in the vehicle.

On June 24, 2014, defendant filed two Motions to Suppress (Docs. # 40, 41). The Government responded and on July 1, 2014, United States Magistrate Robert E.

Larsen conducted an evidentiary hearing on the Motions to Suppress. Judge Larsen heard testimony from Troy Meyer, Housing Authority Investigator, KCPD Detective Jason Cramblit, KCPD officer Michael Feagons and KCPD officer Jordan Nelson. On August 1, 2014, Judge Larsen entered a report and recommendation (Doc. # 112) which recommended denying Defendant's Motions to Suppress. Judge Larsen found that in this case, the totality of the circumstances showed that the defendant voluntarily consented to the search of his vehicle. Judge Larsen found no evidence which would suggest that there was duress or coercion. Officer Nelson testified that he was talking with the defendant at the time of the search and the defendant was facing the vehicle, so he could have revoked his consent at any time. Judge Larsen did not find anything suspicious regarding the fact that Officer Nelson's microphone had not recorded the audio portion of the encounter. Officer Feagons testified that occasionally the microphones do not function correctly. Thus, Judge Larsen recommended that the Court deny the defendant's motion to suppress because the defendant gave consent for the search on July 14, 2010.

With regard to the Terry stop on November 21, 2011, Judge Larsen found that the information provided by Larisha Grant was corroborated as to the description and location of both the defendant and his vehicle. Judge Larsen found that Ms. Grant's credibility was bolstered by the statement she made against her penal interest, when she admitted her past drug dealings with the defendant. Judge Larsen found that this was sufficient to satisfy the less demanding standard of reasonable suspicion and thus

3

recommended that the motion to suppress regarding the Terry stop be denied.

Defendant filed objections to the Report and Recommendation on August 14, 2014, arguing that Magistrate Larsen incorrectly found in ¶ 24 that Officer Cramblit had performed a computer check and identified "Bone" as the defendant. Rather, defendant argues that neither Troy Meyer nor Jason Cramblit testified that Mr. Poole identified himself as "Bone", he did not have any identification on him that identified him as "Bone" nor was identified via the computer as "Bone." Thus, defendant argues that there was no testimony offered which established that Mr. Poole is in fact the person Larisha Grant identified as "Bone." However, regardless of this fact, the Court finds that there is sufficient evidence to support a finding of reasonable suspicion in this case. The defendant was walking in the area Ms. Grant had described, he matched both the physical description and was wearing the same clothing which she described and he was seen exiting the same type of vehicle which she said he drove.

Defendant also objects that Magistrate Larsen erred in relying on United States v. Nolen, 536 F.3d 834 (8th Cir. 2008), because in that case, the unproven informant was otherwise unknown to the agent receiving the information. Additionally, in Nolen, the investigating agent took steps to corroborate much of the information which had been provided. Defendant argues that Magistrate Larsen erred in determining that the information provided by Ms. Grant amounted to reasonable suspicion needed to justify the stop of the defendant. Defendant argues that Magistrate Larsen ignored the fact that there was little corroboration, the description of the car was inaccurate, and there was insufficient independent verification.

The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, Magistrate Larsen's findings and conclusions. The Court finds that Magistrate Larsen correctly determined that there was "reasonable suspicion" for Investigator Meyer and Director Christensen to stop the defendant. "In relying on information from informants, reasonable suspicion can be established through corroboration of certain facts, even from unproven or anonymous sources. . . . Information from an unproven informant requires 'some independent verification to establish reliability.'" U.S. v. Ove, No. 13-191 ADM/FLN, 2013 WL 6058904 (D.Minn. Nov. 18, 2013) (quoting United States v. Kent, 531 F.3d 642, 648 (8th Cir. 2008)). In the instant case, even though Ms. Grant was an unproven informant, Meyer and Christensen verified that the individual which Ms. Grant was describing came from the direction of her apartment unit shortly after she had called them, her physical description of the defendant and his clothing was accurate as was her description of the vehicle that the defendant was driving. Thus, the Court finds that Meyer and Christensen had independent verification of the information sufficient to support a reasonable suspicion. Therefore, the Court hereby **DENIES** Defendant's Motions to Suppress (Docs. # 40, 41).

Date: September 16, 2014　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge

5